The O.11245 division is now in session. Honorable Justice Raymond W. Mitchell is presiding. Good morning. Please be seated. Thanks for your patience. I know we're a little behind and we do apologize for that. So our next case this morning is RSA Properties v. Mission Hills Homeowners and it's case number 123-1526. So we've allotted 20 minutes aside with 10 minutes rebuttal and with that we'll get started. You may identify yourself when you step up. May it please the Court, Kurt Foyer, I'm half-appointed appellant RSA. I think the microphones have been adjusted, but I don't really need a microphone. And it doesn't amplify. You have to keep your voice up. Yes. I feel like I've thoroughly briefed the facts and issues on this, so I will just briefly touch upon what I view as kind of the core of our case. And I think at its heart, the trial court did not view the factual allegations of the complaint in the light most favorable to plaintiffs. And in fact, I think the trial court did not address what we viewed as the most salient facts, particularly with our declaratory judgment action. The trial court did not address our allegations that there was no legal basis whatsoever for the defendant to record a lien against my client's property, which was the maintenance shed parcel of this whole contiguous property. Isn't the problem with that is that that is entirely retrospective, that there's no prospective aspect to it, so it really wouldn't be subject to a declaratory judgment. There's no ongoing obligation. It would have just been an assessment of something that occurred in the past, right? Well, we resolved that, but as we also alleged, and as the trial court also failed to acknowledge, we paid for a release of that lien, not because we believe they had any right to assert that lien, but on trying to save the deal. We wanted to go forward, so they were under duress. And the defendant knew because they talked to, as we alleged in the complaint, they talked to the buyer's attorney the day before the deadline for the closing. And they told the defendant's attorney, told the buyer's attorney, if you buy this property, you're going to be liable for this $320,000 plus lien, and you're going to be liable for the future. We understand that. But I think Justice Mitchell's problem, and it's my problem as well, all that is over. You may have a claim for tortious interference. You may have a claim for slander of title. You may have a rescission of the contract, other kinds of claims. But a deck action is specifically tailored to say something about conduct in the future. And even all those unjust enrichment cases, all those voluntary exceptions to voluntary payment cases that you cite, in all of those there's a tax that's still in effect. There is something ongoing. The Michael Jordan case, he hasn't paid yet on his contract. All of those cases, part of the remedy is a deck action because there's future conduct that has to be regulated. In your case, maybe you're entitled to your money back. That's a separate claim. That's your tortious interference claim. But there's no future conduct to be spoken to that affects you. You don't even own the property anymore. I don't think there has to be under the law. That's what a deck action is for. Well, I respectfully disagree. Well, tell us one single case in which a deck action has been ordered where there's no ongoing conduct to be regulated. I believe the Allison case that we cited. There was an ordinance in Allison that was still being applied. I promise you, I've read all the cases you cited, and in all of them, something in the future is going to happen. But I believe in those cases, they were addressing past payments. They have, of course. And when you read the Declaratory Judgment Act statute, I mean, it is not. . . I'm going to stop you again. Okay. Let's assume you have another claim. Why do you need a deck action? Let's assume you have a tortious interference claim. What does the deck action get you? What do you care? Well, I think part of our argument, Justice, is that it's part and parcel of what we need to prove. . . Part of that claim is going to be proving that this lien was completely invalid and should have never been imposed. You're going to have to prove that. Absolutely. Or there's nothing tortious about them asserting the lien. Absolutely. So what do you need the deck action for? If we're allowed to go with that, then I would agree with you, Justice, that we don't really need that. We don't need a separate carve-out deck action, although I think it is allowed under the statute. You could respectfully disagree. I do. I do. And it's to be liberally construed and to do justice. And, you know, really, I think if we didn't have the tortious interference claim, there would be no other way for us to attack the validity of reporting that lien against the property. And there I disagree with you, Counsel. Okay. Your alleging and the arguments that you've made in this case are that there was a lien that was wrongfully imposed. Correct. And in order to consummate this deal, your client was forced to get that lien removed by payment. So someone is wrongfully withholding your client, and your client said you're not entitled to this money. Was the demand made for them to return that money to you? Yes, and that's alleged in our complaint. And at that point, you have another cause of action. So I think what my colleagues have said, you may have a recovery in another cause of action, but definitely not in a declaratory judgment. Maybe in tortious interference, I don't know, but I know that there exists another cause of action because I signed that opinion in this case, in another case, in this court. There are some other things you could do.  Well, I guess it's hard to finish that off and then I'll stop talking about it. But I think, you know, to allege a declaratory judgment action, I mean, all we have to allege is that there's a justiciable controversy, and all controversy is over in that sense. So all three of us had the benefit of sitting in the Chancery Division to do a lot of declaratory judgment actions. Declaratory judgment is intended to get an adjudication of rights before the harm occurs. But if the breach, for example, has already occurred in a contract action, then your remedy is for breach of contract. It's not for declaratory judgment. So we're not saying you don't have a cause of action. It's just it seems to me it doesn't really fit in the court for judgment. Okay. And again, I believe we've cited case law for the effect that, yes, that is one of the intentions of the Debt Judgment Act, but it's not limited to that circumstance. And we have cited cases where there have been separate declaratory claims brought along with, say, a breach of contract claim. So I don't think just that we're out of the box on that.  Separate question, gradual question. In your request for relief, in fact, your brief, you asked that the case be reassigned to a different judge. That that isn't developed in any sort of way. That's certainly not something we rarely do that in terms of order of reassignment. It's an absence. It's only the most serious. Typically it's a situation where there seems to be some sort of a conflict or something. I'd be happy to address that. And I didn't know if it was appropriate to do that in my brief or not. I kind of felt like it was self-evident. But the reason is this, Justice. Not only, you know, I mean, looking at that opinion, I felt that the judge did not address what I viewed as the most salient. So how do we have power to feel that way? Well, what are the best cases of your day? What is not to be that? There's a couple other things. I'll be brief. But, you know, the trial court made findings that were really contrary to what we allege, in particular with respect to our tortious interference count. Because if your tortious interference count goes back to the circuit court, if we were to agree with you that it should go back, you'd get a different judge anyways because that's a law claim, not a chance report. Well, fair enough. Then I guess it's a moot point. But just to finish off with that, I mean, you know, I've been practicing for, this is my 40th year now, and I've never experienced or heard anybody else who got their complaint thrown out with prejudice the first time around on a 2-6-15 motion. Well, that raises actually a very good question. Why did you not come in and say, give us a chance to amend? We didn't see anything in the record that suggested you ever did. I consulted with my client, and based on the judge's trial court's ruling, we in all honesty felt that it would not be a wise expenditure of my client's money to have any further proceedings in front of the court. We felt that there was, we did not get a fair shake, and I mean, there's no prerequisite to file a motion to reconsider. And I also felt that the case law relied upon, particularly with respect to the tortious interference claim. I mean, this L.B. case from 1913 was at the dawn of the birth of the tortious interference. I mean, I just, I had a really bad feeling. You want to take your chances with us rather than the court. I do. I do. Okay. So, I mean, I hear what your honors are saying, so, you know, I think I'll just shift to my argument with respect to the tortious interference claim. Okay. So, you know, the trial court found that there was no breach of the contract, that there was a mere notice of an intention. And that's just not what we allege, and that's not what the facts support. I mean, as we allege, the purchase and sale agreement, the deadline for closing on the sale was November 15th. The client, I'm sorry, the buyer, the evening before, you know, and it literally was 7 o'clock in the evening on the 14th, sent a written notice, as was required under the contract, terminating the contract and demanding their earnest money back. And even after my client scrambled around and did get this release, they still were refusing to close on the deal and insisting on reiterating that the contract was terminated, that they wanted their earnest money back. And it wasn't until about a week later that the two principals sat down and hashed things out. So there was, in fact, a breach in that the sale did not close by the deadline. And really, we don't have to show a cancellation or termination of the contract for tortious interference. We just have to show a breach. So the fact that we later were able to resurrect the deal does not mean we weren't, that the contract wasn't tortiously interfered with. And we certainly suffered damages. I mean, my client had to pay $35,000 that they didn't otherwise have to pay. And they also, you know, there was nothing under the contract that really allowed the buyer to cancel at that point. Anyway, so we think that the trial court was in error about that. And also, the trial court found that the plaintiff didn't do anything acting on these communications from the buyer. And as I just said, they infected, they got this release. The case was decided on the briefs, right? Pardon me? The case was decided on the briefs. There wasn't a hearing. The trial judge did not have a hearing. That's correct, Justice. So, yeah, at any rate, you know, we have alleged a breach of the contract, that it was improperly caused because there was no valid lien on this property. And the defendant knew it. They knew they had my client over a barrel, that they had to close on this deal. And if they didn't, they were looking at much greater damages than paying $35,000. Can you briefly address the argument they make and the alternative argument they make that this lien was proper? Sure. So, I think the defendant's brief shows on its face that that argument is not correct. Because as the defendants acknowledge in their brief, so basically the defendant's argument is, oh, we were entitled to record this lien against the maintenance shed because if the clubhouse owner was delinquent on the upkeep payments for this security gate, we were entitled to file a lien against the retained property. And that's a term defined in the settlement agreement that's the basis of their assertion of the lien. So, in their brief, defendants acknowledge that the retained property consisted of, I think it was seven different parcels. You know, there was the clubhouse, there was the golf course, there were certain roadways. Nowhere is the maintenance shed listed. What about the maintenance shed? So, the maintenance shed was a separate parcel. So, this is a big gallery. And the maintenance shed is one little corner of the property that is not connected to this road going into the security gate or any of this. It was kind of like... It's like being taken to the outskirts. It was just a... Like a tractor. Okay, that's all right. And that's why my client was having such a hard time selling it and why they were so desperate for this deal to go through. They had to sell it at an auction. They couldn't get a buyer just, you know, on the open market. And that was part of the duress and the compulsion that caused them to pay for this release of the lien. So, yeah, the maintenance shed is not part of the retained property. And therefore, there was no basis for courting the lien against that property. Well, I think their argument is, yes, it's not one of the specific properties listed in the retained property. But if you look through all these deeds, you can see that the property that was retained did include the maintenance shed. You know, I read that part of their brief. I mean, besides, you know, it not being proper on a 2-6-6-15 motion. I honestly could not make heads or tails of what they were talking about there. But, you know, regardless, the settlement agreement provides that, you know, the clubhouse owner is responsible and that the lien can be filed against the retained property. And that's the – I mean, that settlement agreement is attached to the lien that they reported. So, I mean, that's what they're basing the lien on. And that document clearly does not include the maintenance shed as part of the retained property that was subject to a lien for that delinquency. If Your Honors have no further questions, I think I'll rest there. Thank you. Good morning. May it please the Court. Elizabeth Thompson on behalf of Mission Hills Homeowners Association. I want to start with the question that Justice Mikba just asked about the argument that the lien is proper. Because I think it's an important point. The lien is proper. The legal description of the retained property is what matters. Not what it's defined as including this maintenance shed, which is a term, frankly, that plaintiff made up to describe its property. Several years after the fact that this development was created, the retained property, it's a legal description. And included in that legal description is this parcel. The legal description appears in part of the settlement agreement? It appears in – it's – there's a whole bunch of recorded documents. This development, when it was created back in the 70s, was created as a large piece of – Where would we find this legal description? It's all recorded. It's all in the recording.  There's nothing in the – on the face of the complaint, nothing in the settlement agreement. We'd have to go look at documents, some public documents. I know. I believe – let me look at the settlement agreement itself. But I believe that it – I thought it did include a legal description of this property. But then you would have to understand the – You'd have to understand it. And it's human. It's a balance. It is. It is. But the fact of the matter is, is that these are recorded public documents. Isn't this summary judgment material, counsel, if you're right? Isn't this way beyond what we are supposed to or able to do under 216 motion? I would argue that in most cases, when you're looking at documents outside the complaint, yes, it is summary judgment material. These are all publicly recorded documents that set out what's at issue here. It doesn't matter because I think this complaint was properly dismissed, even putting aside the argument that Your Honor recognized was in the alternative argument. But I just wanted to answer that question because I think that the – I think there was a misrepresentation that it doesn't say maintenance shed. I don't even know that the maintenance shed existed in the form that it exists today when this was created. So this property that was at one point entirely – the retained property that was entirely owned by plaintiff and then parceled off, and now they're saying, wait a second, we don't owe any money for this because we split this little tiny corner off, and we're trying to say that we don't have any responsibility for it. So I just wanted to answer that question on the record. But I think going back to the issues that brought us here today, and I think as Your Honors have all recognized, this was a two-count complaint for declaratory judgment and for tortious interference. The declaratory judgment complaint count was absolutely correctly dismissed with prejudice, and you can look straight at this Court's decision in BMO Harris Bank v. Jackson Towers Condominium Association. I think that case is right on point. It talks about how plaintiff cannot use the declaratory judgment process to contest the validity of a lien that has already been satisfied and released. In that case, the plaintiff bank had paid the lien off, had originally put the money in escrow, but then released it, and then sued after everything was over. In that case, there was no claim, period. There was no claim for anything, right, in BMO Harris. It wasn't like there was another claim. There was just no claim. I believe that to be the case, yes. Just going back to B to D, of course, about the legal description. I'm looking at the appendix page. It's page 817, 818, 819, 820, 821, and 822. This is the legal description that we're supposed to construe. I mean, I know my law clerks could do it, but I'm not sure that they would. I am not going to stand here and tell you that it's easy to read that. It's not. It is several pages long. I have been representing this particular property for many, many years. Do you know it by heart? I don't know it by heart. I will not even claim that. But I have been out there. I have copied and pasted this legal description. I understand it's a long, long legal description. But I think the fact is that a legal description can be read and interpreted as a matter of law. It's not like one person can say this is what it is and somebody else can say this is what it is. But I will also acknowledge that I am by no means an expert in reading legal descriptions and cannot tell you as I stand here today that that is not a complicated legal description. It is absolutely. And your point is well received. I think that it's just an alternative argument to say that, you know, even if we put aside all of the other arguments why we think this complaint was properly dismissed, it's just another reason why the trial court was correct. And to be clear, the trial court didn't even reach that issue. So the trial court's opinion is based only on the fact that the declaratory judgment I don't know. How could the trial court decide that without an expert? Yeah, a surveyor or somebody. It's usually a little easier for people because you can see the line goes here. Yeah, and she didn't, to be clear. She didn't make that decision. Just a real practical question. It's not the case of the century, right? It's a relatively modest sum of money at stake. Yes. You know, sometimes they say the candle's not worth the game, and it just makes a certain amount of sense just to resolve things collectively.  Yes. And I will, although this is outside of anything that we're here about today, we did try to do that. And I think that the issue is there's my client and plaintiff has some serious, there's some history here. This goes back a long time. There's been significant unpaid security costs for this share gate that have been unpaid at various times, I believe, by the principals that control plaintiff. And so there's just a, there's butt and head at issue. But I promise you I share those feelings, and we tried. And we got that. We sort of got that. Yes. So back to the complaint at issue. As your honors have all recognized, I think the tortures, I'm sorry, the declaratory judgment count was properly dismissed. Everything that has happened has already happened. It's done. The lien is no longer even recorded on the property. So considering whether or not it's properly recorded on the property, it's moot because it's over. The whole thing is over. So for that reason, we believe that count one was properly dismissed. Moving on to count two, which was the tortious interference claim, I think that we just need to look at the complaint. And if we look at the complaint, and in particular we look at the paragraphs where the plaintiff is describing what happened here, and he says, the next day, and I believe it's paragraph 31. Of course, the complaint's not. It's at the appendix of A910. So in paragraph 31, he says, a further discussion ensued that evening between the principals of plaintiff and buyer, and buyer agreed to go through with the closing. But that was all after they paid $35,000 that had never been part of the deal. I agreed to sell it to Justice Mitchell. He agrees to file. It's all done. Then I've got to release a lien that I never thought I had to release as part of the deal. That was not part of the deal. The only reason that became part of the deal is because your claim asserted the lien. But that's not a breach of the contract. And to have tortious interference with a contract, one of the elements of that claim They refused to close on the agreed date. Right, but they added another term. I'm only going to close if you release the lien. I don't think that's alleged, and I think if you take everything that is alleged, that's exactly what's alleged. I mean, what do you know? Right. I mean, breach, added a new term, those are sort of legal conclusions. But what happened was we had a deal, then a new requirement became part of the deal, so it's a different deal. It's a new term. I mean, I would argue to that that this lien was recorded in January of 2022, and these events were happening in November of 2022. It was publicly recorded against the property. So for him to say that we caused this rush, we caused this duress. Isn't there an allegation that you had some communication with the buyer? The buyer is the one who alerted him? Yes, there are allegations that there was some, and I actually think it's even a couple, let me find the exact one, but it was a couple of weeks before, yeah, it's number 15, plaintiff had never received any notice of the subject lien and had no knowledge of its existence until several weeks before the sale of the subject property when a potential buyer brought it to plaintiff's attention. So even on his own allegations, we're talking about several weeks where apparently nothing was done, and then all of a sudden he's saying, okay, well, the day before this was set to close, there's all these conversations, and then in paragraph 31 he's saying, well, that evening we got together and had a discussion, and they decided to go forward with the closing. So our position is that that taken together with the deed, which was signed on November 14, 2022, and the trial court properly took judicial notice of that recorded deed for the purposes of determining the date, that when the deed is signed, that's when the property is transferred, and there's no delay in the closing. Now, counsel is here saying that that's what the breach was, was this delay in the closing, but if you look at the complaint and you look at the deed, there's no evidence of that. It is clear that... We don't need evidence. We're on allegations right now. Sure. Well, there's not even allegations of it. There's allegations that it closed a week later. It was supposed to close on the 15th. It closed on the 22nd, and there's allegations that this additional term was made part of the new contract. So I don't think there are allegations that it closed a week later. I think the allegation is that in paragraph 31 that they agreed that evening to go forward with the closing and that the deed was signed on that same day. So I don't, and I don't think that adding another term to the contract is a breach either. So, you know, I guess I just don't follow that argument, and I'm not sure that there's any case law that, you know, in the cases that plaintiffs cited in support of this, while there were two contracts. Okay. Say you're correct. So there is a claim for breach of, or torture sentence. But could there be a slander of title? Could there be, as my learned accounting, Justice Lyle educates us as to a claim in some sense. So, but the existence of some other potential claim would mean that the trial court erred in dismissing the complainant prejudice. The right to dismiss a complainant prejudice, you have to conclude that there's no set of facts on which the plaintiff could obtain recovery. And if there are these other claims out there, some basis to recover money which was wrongfully paid, then the case would have to go back, wouldn't it? So I will admit that I wrote down a sumset, because I don't even know what that is. So I wrote a case that was, the judge cited from 1913, something along like that. This is probably 1920.  So we're a little bit before my time. It's still active, and it's still valid, and it's good law. I will definitely be looking it up after we leave here today. But I think the fact remains, there may be another claim here. But there wasn't another claim brought, and there was never a request made to the trial court to amend the complaint in any way. So that, I think, I, if I had been doing it, I certainly would have asked the trial court for leave to replead or for leave to file a different claim. But these are the claims that were brought. These are the claims that were dismissed by the trial court. And these are the claims that are in front of this court. And I have not seen anything, and I didn't hear anything today, that changes the result that the declaratory judgment claim is improper, because the conduct has already all happened, and the tortious interference, there's been no breach. So if there's another claim, I mean, maybe counsel can file a new complaint and file another, if this gets affirmed. I don't know. I don't think that's in front of this court today. I don't think you can do that. Well, I think we would have a lot of arguments as to why they could not do that, yes. But I don't think that's in front of you, and, you know, I hope it won't be in front of you in the future. But I think that they made a choice, and the choice was to bring these two claims and to not ask for leave to replead and to not file a motion to reconsider and to stand on this complaint and to bring this appeal, as is their right. And we're here today on this complaint. And it is our position that this complaint does not state a cause of action and was properly dismissed by the trial court and was properly dismissed with prejudice, because the facts, as alleged, and even if we don't look at the documents that I believe were properly brought before the court, the facts, as alleged, plead plaintiff out of court on both of his claims. So for those reasons, we would respectfully ask that this court affirm. I'm happy to answer any other questions if there are any. If not, I thank you for your time. I appreciate it. All right. Thank you. Counsel, final word? A couple of points, and then I'll be brief. Starting with the last argument counsel made first, I mean, this case is before the court on de novo review, and the standard is, you know, do the factual allegations state any claim? No. State one of the two claims that you've alleged. I mean, it has to state one of the two claims that you've alleged. Yes. Does it not? Yes. Okay. But, I mean, on remand, that does not preclude me from. No, but before us now, one of these two claims. Fair enough. Fair enough. You know, with respect to there not being any allegation in the complaint about, you know, the deal closing a week later, I mean, we attached the release as an exhibit, and that's dated November 22nd, and we've obviously alleged that the deal did not close without the release, and, of course, as an exhibit, those statements are part and parcel of the complaint. So, and this argument that because the deed was dated November 14th doesn't mean that it was tendered on the 14th or the deal closed on the 14th. I mean, my client was prepared to go ahead with the closing the next day. That's why it's dated the 14th. So they're not entitled to an inference that that was when it happened when we got other allegations, and, indeed, the release itself that's a week later. And the statement that, you know, my client did nothing for several weeks after the existence of this lien came to their attention is incorrect. In paragraph 17 of our complaint, 16 and 17, the buyers, I mean, I'm sorry, the plaintiff's business manager, I think the lien came up through the title company. I think that's how the buyer found out about it. And as 16 and 17 of the complaint, we allege that the plaintiff's business manager contacted the defendant's lawyer and was like, you know, what's up with this lien? We don't think it's properly recorded against our parcel. And in 17, the attorney responded that he was in negotiations with the owner of the clubhouse to resolve the subject lien and was just waiting to receive a survey of the property to resolve the matter. So, rightly or wrongly, my client thought that it was going to be taken care of. And that leads to my final point, which was, you know, regardless of this argument the defendant made about the retained property and how that's defined, we also argued and alleged in the complaint that it's solely the clubhouse owner that's responsible for any charges for the maintenance of this security gate. So, that was another basis for us to contend that you're going after the wrong party here. The plaintiff was not the clubhouse owner and was not, per the settlement agreement, responsible for those maintenance charges for the security gates. Does your client still own any part of this property? You know, I don't believe so. You know, obviously, as the defendant pointed out in her brief, I mean, there are a number of different corporate entities, the relationships among which I don't know. You know, the principal of who I deal with has a lot of different real estate deals and a lot of different companies and I can't keep track of them. Well, I would just take the appellate part prerogative of saying, as Justice Mitchell said to your opposing counsel, especially if there's any ongoing relationship, these are the kinds of things that should be settled and worked out. So, that's all. I would advise my client that it's better to settle than to do this. Even if there's not. Yes, and again, I can only give my advice to counsel, whether it's taken or not. Right. I appreciate your time and attention in this matter. Thank you, Your Honor. Okay. Thanks very much for your briefing and evidence today. That will be taken as an advisement for further study. Thanks. Goodbye, Your Honor.